, American Cigar Co., demandante y apelante, *v.* Juan G. Gallardo, Tesorero de Puerto Rico, demandado y apelado; Porto Rican Leaf Tobacco Co., demandante y apelante, *v.* Juan G. Gallardo, Tesorero de Puerto Rico, demandado y apelado; Central Eureka, Incorporada, demandante y apelante *v.* Juan G. Gallardo, Tesorero de Puerto Rico, demandado y apelado.

Nos. 4296, 4297 y 4347.—*Vistos:* Marzo 16, 1928 y Marzo 28, 1928.
*Resueltos:* Mayo 4, 1928.

*J. H. Brown, C. Ruiz Nazario* y *G. E. González,* abogados de las apelantes; *J. A. López Acosta, Procurador General Interino, Arturo Ortiz Toro, F. Janer* y *R. A. Gómez, Sub-Procuradores,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

En estos tres pleitos fué demandado el Tesorero de Puerto Rico para que devolviese ciertas cantidades que le fueron pagadas bajo protesta como contribución impuesta de acuerdo con la Ley No. 60 aprobada el 28 de julio de 1925 para desarrollar las fuentes fluviales de esta isla; y los fundamentos aducidos en los tres para sostener que esa ley es nula son los siguientes:

(*a*) Por contravenir y violar las disposiciones de la Ley Orgánica que dispone que las leyes para la imposición de contribuciones en Puerto Rico serán uniformes; porque en dicha ley, si bien se impone una contribución de un décimo del uno por ciento sobre toda la propiedad inmueble de la isla de Puerto Rico no exenta de tasación, exceptúa expresamente de sus disposiciones la situada en Vieques y Culebra, y en que no impone una contribución similar sobre la propiedad mueble situada en Puerto Rico, la cual está sujeta a las contribuciones generales sobre la propiedad bajo el Código Político.

(*b*) Porque delega poderes y facultades legislativas al Comisionado del Interior de Puerto Rico, que es un funcionario ejecutivo, en que deja a su entera discreción si alguna fuente fluvial debe ser desarrollada lo mismo que en caso de que opte por desarrollar alguna, nada se especifica en la citada ley respecto a cuál debe serlo ni tampoco respecto al tiempo en que debe hacerse ni al orden que debe seguirse, y en que también deja a la entera discreción de dicho funcionario la cantidad y manera en que los fondos recaudados por la contribución deben ser invertidos y asimismo la clase, número y recompensa de los oficiales necesarios para llevar a cabo lo que en la ley se proyecta.

(*c*) Porque no es una contribución impuesta para fines públicos.

(*d*) Porque priva o trata de privar a la Comisión de Servicio Público de Puerto Rico de aquellos poderes conferidos a dicha comisión por la Ley Orgánica de Puerto Rico, y viola la política declarada por el Congreso de Estados Unidos en la referida Ley Orgánica.

(*e*) Porque viola las disposiciones del artículo 34 de la Ley Orgánica de Puerto Rico, relativas al título y manera de titular las leyes, en que no se incluyen en el título de

dicha ley ni la exención de la contribución impuesta concedida a la propiedad inmueble de Culebra y Vieques ni la apropiación especial hecha de los fondos generales del Tesoro de Puerto Rico, según se expone en la citada ley, y también porque en dicho título nada se dice acerca de la venta y abastecimiento de agua que por medio de la citada ley se proyecta hacer al público y a los municipios de la isla.

La corte de distrito dictó sentencia declarando sin lugar las respectivas demandas y en el recurso de apelación que en esos pleitos interpusieron los respectivos demandantes: alegan como errores de la corte inferior el no haber sostenido cada uno de los fundamentos de nulidad alegados en las demandas.

La Corte de Circuito de Apelaciones para el Primer Circuito de los Estados Unidos ha resuelto en el caso de *Gallardo* v. *P. R. Ry. Light & Power Co.,* 18 Fed. Rep. (2d) pág. 918, todas las cuestiones que en estos recursos se promueven por los apelantes en sentido contrario a sus pretensiones. Hemos examinado detenidamente esa decisión y estamos conformes con la conclusión a que en ella se llega y con sus fundamentos. Conviene agregar, además, que la exención del pago de las contribuciones para las islas de Culebra y de Vieques está justificada también porque la primera no tiene ríos y la segunda sólo tiene pequeños arroyos, aparte de que por la distancia en que se encuentran de la Isla de Puerto Rico es casi imposible que puedan recibir los beneficios de la ley para la cual la contribución se impone.

*Las sentencias apeladas en los tres casos deben ser confirmadas.*

El Juez Asociado Sr. Hutchison firmó conforme con el resultado.